**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-1787

GINETTE MORRISSETTE, ADMINISTRATOR
OF THE ESTATE OF DANIEL J. GAGNON,

Plaintiff, Appellant,

v.

TELEDYNE PRINCETON, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, District Judge]

Before

Lynch, Chief Judge,
Boudin and Stahl, Circuit Judges.

R. David DePuy with whom Scott H. Harris, Adam M. Hamel, and
McLane, Graf, Raulerson & Middleton, Professional Association were
on brief for appellant.
David G. Klaber with whom Mark D. Feczko, Jared S. Hawk,
Jeffrey S. King, Gregory R. Youman, and K&L Gates LLP were on brief
for appellee.

February 12, 2010

**Per Curiam**. The issue before us is whether the district court abused its discretion by denying plaintiff Ginette Morrissette's post-trial motions for a new trial and for default judgment as a sanction for an alleged discovery violation. Plaintiff was granted a continuance to conduct further discovery when the disputed evidence emerged and expressly elected to proceed with trial after doing so. We find no abuse of discretion and affirm.

The underlying case involves a federal products liability action arising out of a forklift accident that occurred on June 9, 1999. The forklift manufacturer is the defendant. The forklift driver died on June 17, 2006, while this litigation was pending; the administrator of his estate proceeded to trial in the federal district court of Massachusetts. Trial began on January 15, 2008. On the fourth day of a fifteen-day jury trial, plaintiff learned that test results from a different model forklift had been used to derive capacity information about the forklift involved in the accident. Defendant had previously denied having any test information relevant to the forklift model that the decedent had been driving.

After hearing from both sides on the issue, the district court denied plaintiff's motion for sanctions and opted to suspend trial for three days to allow the parties "to get to the bottom of this testing and talk to whomever [they] need[ed] to talk to."

During this period, plaintiff conducted three depositions and obtained seventy-nine pages of documents related to the forklift test results. At a conference on January 31, 2008, the court asked plaintiff's counsel how he intended to proceed. Plaintiff's counsel repeatedly indicated his readiness to move forward with the trial. Plaintiff did not ask for a further continuance or move for a new trial and went forward with the trial. Plaintiff then admitted the test results into evidence, had her liability expert testify about them, used them in her cross-examination of defendant's liability expert, and referred to them repeatedly at closing.

On February 12, 2008, the jury returned a unanimous verdict for the defendant. Plaintiff moved for a grant of new trial under Rules 59 and 60(b) and for entry of default judgment against the defendant as a sanction for its alleged discovery violation. The trial judge died before acting on this motion. Another judge denied the motion on March 24, 2009, and denied plaintiff's motion for reconsideration on May 13, 2009.[1]

On appeal, plaintiff urges that the district court erred by refusing to set aside the jury's verdict. We review for abuse of discretion the denial of the new trial, Jennings v. Jones, 587

---

[1] Defendant's assertion that we lack jurisdiction over the March 24 order because plaintiff failed to file a notice of appeal within thirty days of that order is flatly contradicted by our caselaw. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 (1st Cir. 2005).

F.3d 430, 436-37 (1st Cir. 2009), and the denial of sanctions, <u>see</u> <u>Ferrara & DiMercurio</u> v. <u>St. Paul Mercury Ins. Co.</u>, 240 F.3d 1, 12-13 (1st Cir. 2001).  Plaintiff asks that we order as a remedy the entry of judgment in her favor and does not seek a new trial. There was no error, however, to remedy.

Plaintiff made the strategic choice to proceed with trial after the disputed evidence emerged.  We have repeatedly held "that the appropriate course for parties who uncover discovery violations is 'not to seek reversal after an unfavorable verdict,' but to request a continuance 'at the time the surprise occurs.'"  <u>Tiller</u> v. <u>Baghdady</u>, 294 F.3d 277, 281 (1st Cir. 2002) (quoting <u>U.S. Fid.</u> <u>& Guar. Co.</u> v. <u>Baker Material Handling Corp.</u>, 62 F.3d 24, 29 (1st Cir. 1995)).  Plaintiff was granted a three-day continuance and used this time to conduct extensive discovery.  Plaintiff did not request an additional continuance or seek a mistrial at that point, and she must live with that choice.

The district court did not abuse its discretion when it denied plaintiff's post-trial motions.

<u>Affirmed</u>.